**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE

                                            Case No. 10-51396
                                            Hon. Lawrence P. Zatkoff

ELCOMMERCE.COM, INC. and
DOW CHEMICAL COMPANY,

      Defendants.
_____/

## ORDER

### I. INTRODUCTION

This matter is before the Court on Elcommerce.com, Inc.'s Motion to Compel Discovery from Non-Party Dow Chemical Company, and Alternatively to Modify Subponea [dkt 1]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be decided on the briefs submitted. For the following reasons, Elcommerce.com, Inc.'s Motion to Compel Disovery from Non-Party Dow Chemical Company, and Alternatively to Modify Subponea [dkt 1] is GRANTED.

### II. BACKGROUND

This case was originally filed by Elcommerce.com, Inc. ("Plaintiff") on August 31, 2007, in the United States District Court for the Eastern District of Texas. Plaintiff sued SAP AG and SAP America, Inc. ("Defendants"), alleging that Defendants directly and indirectly infringed United States Patent No. 6,947,903 by making and selling Supply Chain Management and Netweaver software products ("SAP software"). On September 29, 2009, this case was transferred to the United States District Court for the Eastern District of Pennsylvania, where it is currently pending

before Judge Jan E. DuBois.

Upon transfer of the case to the Eastern District of Pennsylvania, the Pennsylvania court entered a scheduling order that set a September 10, 2010, deadline for completion of discovery. During discovery, Defendants asserted that they were not aware of how their customers installed, implemented, and configured the SAP software. Defendants produced documents indicating that one of their customers, Dow Chemical Company ("Dow"), owned and utilized the SAP software.

On August 10, 2010, one month before the end of discovery, Plaintiff served several of Defendants' customers, including Dow, with subpoenas. The subpoena requested documents and testimony regarding Dow's purchase and implementation of the SAP software. The subpoena's return location for producing documents and an employee for testimony was approximately twenty miles from Dow's registered office in Bingham Farms, Michigan, but more than 100 miles from Dow's corporate headquarters in Midland, Michigan. Dow's in-house counsel requested an extension of time to comply with Plaintiff's discovery requests. Plaintiff agreed, which extended Dow's time to respond, including objections, until September 8, 2010. On September 7, 2010, Dow responded with objections similar to the arguments raised in its response brief to the instant motion, and stated that it did not intend to produce the documents Plaintiff requested or provide an employee for deposition. On September 17, 2010, Plaintiff and Dow discussed Dow's objections, and Dow reiterated that it would not be complying with Plaintiff's discovery requests.

On November 23, the Pennsylvania court extended the non-party discovery deadline and ordered Plaintiff to complete non-party discovery or file motions to compel by December 22, 2010. Plaintiff and Dow met and conferred on December 17, but Dow maintained its refusal to voluntarily provide an employee to be deposed. Two days later, Dow produced documents, which Plaintiff

alleges do not show how Dow installed, implemented, or configured the SAP software. Prior to the filing of the instant motion, Dow and Plaintiff conferred once more. Dow maintained its refusal to provide an employee to be deposed, and as such, Plaintiff filed the instant motion. In essence, Plaintiff's subpoena seeks the following from Dow through document production and an employee's testimony: (1) information concerning Dow's licensing of the SAP software; (2) information concerning Dow's installation, implementation, configuration, and use of the SAP software in Dow's supply chain; and (3) information concerning Defendants' involvement in Dow's installation, implementation, and configuration of the SAP software.

### III. ANALYSIS

Pursuant to Fed. R. Civ. P. 45(a), a party may serve a subpoena on a non-party commanding the party to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises" at a specified time and place. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.")

Plaintiff asserts that its motion to compel should be granted because Dow's licensing and use of the SAP software and integration of the software with its entities in Dow's supply chain are relevant to Plaintiff's infringement claims against Defendants. Plaintiff also asserts that according to Defendants' testimony, this information is only available from Dow. Furthermore, Plaintiff states that the subpoena was served on Dow's registered agent with fifty dollars, which purportedly covers the forty-dollar witness fee and travel mileage from Dow's registered office to Detroit, Michigan. Plaintiff further requests that the Court modify the subpoena, rather than quash it, to require Dow to provide an employee for a deposition in Midland, Michigan, which would be a proper location

according to Dow.

In Dow's response to Plaintiff's Motion to Compel, Dow sets forth three reasons why the Court should deny Plaintiff's requested relief: (1) the instant motion was filed three and a half months after the discovery cut-off date ordered by the Pennsylvania court, and Plaintiff knew one year and four months prior to serving its subponea on Dow that Defendants sold the SAP software to Dow; (2) Plaintiff's discovery requests seek information that involves Defendants and is available from Defendants in a more convenient, less burdensome, and less expensive manner than seeking the information from Dow; and (3) Plaintiff's subponea purports to command the deposition of a Dow employee more than 100 miles from Dow's corporate headquarters, which Fed. R. Civ. P. 45(c)(3)(A) protects against. *See* Fed. R. Civ. P. 45(c)(3)(A) (stating that a subpoena must be quashed or modified if it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person").

After reviewing the parties' briefs, the Court grants Plaintiff's motion to compel and modifies Plaintiff's subpoena for the reasons set forth below. First, with respect to Dow's objections to Plaintiff's timeliness, the subpoena was served on August 9, 2010, with a return date preceding the original September 10, 2010, discovery cut-off date. Nevertheless, because Defendants' non-party customers were unresponsive to Plaintiff's discovery requests, the Pennsylvania court entered an order extending the time to complete non-party discovery or file motions to compel to December 22, 2010. Plaintiff followed the Pennsylvania court's order. It attempted to work with Dow; however, when that failed, it filed the instant motion on December 22, 2010.

Second, with respect to Dow's objection that Plaintiff's discovery requests are reasonable,

Plaintiff first attempted to obtain the information from Defendants. However, after Defendants provided sworn testimony that they did not have such information regarding the installation, implementation, and configuration of how their customers used the SAP software, Plaintiff then obtained a subpoena to request the information from Dow. The information requested by Plaintiff is not available from sources that are more convenient, less burdensome, or less expensive than requesting the information from Dow. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv) (stating that an issuing court must quash or modify a subpoena that "subjects a person to undue burden").

Third, with respect to Dow's objection to Plaintiff's specified place, Dow fails to provide the Court with any legal authority supporting the argument that Dow does not reside at its registered office. Despite this, the Court entertains Plaintiff's alternative request to modify its subpoena, and thus modifies Plaintiff's subpoena to order a Dow employee to be deposed in Midland, Michigan. As such, Plaintiff shall supply Dow with additional money for travel mileage from Dow's corporate headquarters to Midland, Michigan, if such travel mileage is in excess of ten dollars. Therefore, the Court overrules Dow's objections, grants Plaintiff's motion to compel, and modifies Plaintiff's subpoena as described above.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Elcommerce.com, Inc.'s Motion to Compel Discovery from Non-Party Dow Chemical Company, and Alternatively to Modify Subpoena [dkt 1] is GRANTED.

IT IS FURTHER ORDERED that Dow Chemical Company produce an employee or employees and documents responsive to Elcommerce.com, Inc.'s subponea within twenty days of the date this order is filed.

IT IS FURTHER ORDERED that the subponea is modified to require Dow Chemical Company to designate an employee or employees to sit for deposition at a proper location in Midland, Michigan, at a date and time within twenty days of the date this order is filed.

IT IS SO ORDERED.

                                                          S/Lawrence P. Zatkoff
                                                          LAWRENCE P. ZATKOFF
                                                          UNITED STATES DISTRICT JUDGE

Dated: January 24, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 24, 2011.

                                                          S/Marie E. Verlinde
                                                          Case Manager
                                                          (810) 984-3290